## In the Matter of the Estate of EMIL FILSINGER, Deceased.

Surrogate's Court, Queens County, July 31, 1935.

*Carl S. Heidenreich*, for the petitioner.

*Thomas G. Barnes*, for the respondent Albert M. Filsinger.

*George J. S. Dowling*, special guardian for Marie, Emil and Leonard Filsinger, infants.

HETHERINGTON, S. Decedent died on July 17, 1933, leaving surviving him as his sole distributees, his widow, a brother, Albert, two sisters and twenty-six nephews and nieces, children, respectively, of four brothers and a sister. His will dated October 17, 1912, was admitted to probate in this court on March 20, 1934. He appointed his wife executrix, and his brother-in-law, Frederick Egenlauf, executor and trustee of the trusts therein created, who, however, predeceased him. Letters testamentary issued in due course to his widow who has filed her account as executrix together with a petition for its settlement in which request is made that the court construe certain provisions of the will.

After providing for the payment of his debts and funeral expenses, testator created a trust of his remaining estate for the following uses and purposes:

" *Third.* I give, devise and bequeath to my wife, Katie Filsinger, in lieu of dower, one-half of the income arising out of the rents, increases and profits of my entire estate during her lifetime for her sole use and benefit, my intention being to give her more than her dower right and should she elect to take a dower interest in any real property of which I may be possessed of, then this clause shall be null and void.

" *Fourth.* I direct and it is my will that the remaining one-half of the income arising out of the rents and profits of my estate be devoted by my Trustee, Executor and my Executrix hereinafter named, to the care and maintenance of my daughter Elizabeth Filsinger, until she arrives at the age of twenty-one years, in such sums as in their discretion may be proper, and should the said Trustee, Executor and Executrix disagree on such sums to be paid to my daughter during her minority, I direct that the whole of said amount be paid to her during such period.

" *Fifth.* Should my wife Katie Filsinger die before my daughter Elizabeth Filsinger arrives at the age of twenty-one years, I direct that the income of the one-half of my estate, bequeathed to my said wife, shall thereafter become part of the residue of my estate, and that the income of said one-half be paid to my daughter in addition to the income which she shall already be entitled to under the conditions of Paragraph IV, until she reaches the age of twenty-one years.

" *Sixth.* I direct and it is my will that at my daughter's arriving at the age of twenty-one years, that the trust estate herein created as to her shall terminate, and I give, devise and bequeath one-half of my estate both real, personal and mixed, of whatever kind and nature to my daughter, Elizabeth Filsinger absolutely and forever.

" *Seventh.* In the event of the death of my wife, Katie Filsinger, before my daughter reaches the age of twenty-one years, the one-half of the estate given in trust for the benefit of my wife, shall become part of the residue of my estate, and on her arriving at the age of twenty-one years, the said one-half with any increases thereon shall become the property of my daughter absolutely and forever.

" *Eighth.* On the death of my wife, Katie Filsinger either before or after my daughter's attaining the age of twenty-one years, I direct that my entire estate both real, personal and mixed, become the property of my daughter Elizabeth Filsinger absolutely and forever.

" *Tenth.* Should my daughter, Elizabeth Filsinger, not attain the age of twenty-one years, and should my wife also be dead at that time * * * the trust for her benefit hereinbefore created shall determine, I give, devise and bequeath my estate, real, personal and mixed, of whatever kind and nature share and share alike, as follows: Charles Frederick Filsinger, brother, residing in America; John Christian Filsinger, brother, residing in Germany; Elizabeth B. Benz, sister, residing in Germany; Albert Martin Filsinger, brother, residing in America; Philip Filsinger, brother, residing in Germany; Emma Egenlauf, sister, residing in America; Pauline Filsinger, sister, residing in Germany; Berthold Filsinger, brother, residing in Germany."

His daughter Elizabeth predeceased him, unmarried, at the age of twenty-four years, leaving no children or other descendants.

The widow claims that the estate given her daughter lapsed on the death, and being a part of the residuary estate not otherwise disposed of by will, is distributable as intestate property, and further that with respect to the remaining half of which she is the life beneficiary, she is either, presently entitled to the corpus thereof, or the same is likewise distributable as intestate property, after the termination of the trust for her benefit. Testator's brother, Albert, contends that the widow's interest is limited to the income of one-half of the estate, and that as to the remainder he, his sisters, and the children of his deceased brothers and sisters are presently entitled to one-half, and the remainder upon the death of the widow.

It seems to me that the first question to be considered is whether or not the testator made a valid disposition of the estate given his daughter in the light of what has actually happened. The only reference in the will to a death of the daughter is that contained in paragraph tenth which provides for a gift over to his collaterals in the event that she should " not attain the age of twenty-one

years, *and* should my wife also be dead at that time." The gift over was made dependent upon two events, the daughter's death prior to twenty-one and the death of the wife at or prior to such time. As both contingencies have not happened, the gift over never became effective. Testator's language is plain and unambiguous. Parol evidence cannot be received to vary his language or to defeat his expressed intention. While the testator has made provision for the disposition of his property upon the death of his wife prior or subsequent to his daughter attaining the age of twenty-one years, he has failed to provide for the eventuality which has happened. As the provision for the daughter was carved out of the residuary estate and testator failed to dispose of the same, the property included therein must be distributed presently as in intestacy. (*Wright* v. *Wright*, 225 N. Y. 329, 340; *Matter of Opdyke*, 230 App. Div. 290; *Matter of Hoffman*, 140 id. 121, 130; *Matter of Herborn*, 189 id. 319; *Morton* v. *Woodbury*, 153 N. Y. 243, 257.)

The widow's claim to the corpus of the trust of which she is the life beneficiary cannot be sustained. While the court is familiar with the rule that a gift of the income of personal property without mentioning the principal is equivalent to a general gift of the property itself (*Hatch* v. *Bassett*, 52 N. Y. 359), it only applies when there is no limitation of time attached to the gift. (*Matter of Smith*, 131 N. Y. 239, 246.) The rule is not applicable where the manifest intention was to give only the income or use of the property. (*Matter of Johnson*, 148 Misc. 218, 223; *Matter of Colliton*, 150 id. 616; *Matter of Potter*, 133 id. 17; *Matter of Frayer*, 155 id. 811.) Here, the intention of the testator was to restrict his widow's interest in his estate to the income of one-half thereof. The enjoyment of the same was limited to her life. Provision was made for a gift over of the corpus on her death. These factors negative any intention of a gift of the corpus. (*Matter of Smith, supra.*) The fact that the beneficiary of the gift over predeceased the testator does not in any way weaken or defeat his intention to impose a limitation on the widow's interest. To apply the rule relied on here would do violence to the expressed intent of the testator. The corpus of the trust created for the widow's benefit must, upon her death, be distributed as intestate property because of testator's failure to dispose of same in the event of his daughter predeceasing him. Proceed accordingly.