Julius Schwartz J.
This motion presents yet another spinoff problem resulting from the landmark decision in Dole v Dow Chem. Co. (30 NY2d 143).
Plaintiffs brought this action in the Supreme Court, Nassau County, seeking damages resulting from an automobile accident that involved two other cars, owned by the respective defendants Uccelini and Van Allen.
After issue was joined, the plaintiff failed to notice this case for trial and defendant Uccelini proceeded under CPLR 3216, to compel plaintiffs to resume prosecution of the action, as provided in said rule. Plaintiff failed to proceed and the Supreme Court entered an order granting the dismissal as to defendant Uccelini. Some months later a stipulation was entered into between the attorneys for the plaintiff and the remaining defendants, the Van Allens, in which the amount sued for by the plaintiffs was reduced and the parties consented to transfer the action to the District Court of Nassau County. An order was duly entered upon the stipulation and the action was transferred to this court.
Thereafter, in the action in this court, a third-party summons and complaint was served upon Uccelini, in which the former defendants, the Van Allens, seek indemnification and apportionment under the Dole v Dow Chem. Co. decision, supra.
In this motion, the third-party defendant Uccelini seeks to dismiss the third-party complaint under CPLR 3211 (subd [a], par 5) on the ground that the third-party plaintiffs are collat *24 erally estopped from proceeding with this action, since the plaintiffs’ cause of action against this third-party defendant has heretofore been dismissed.
In effect, Uccelini is saying that his former codefendants are barred from indemnification and apportionment under Dole because they failed to join in the application to dismiss plaintiffs’ action for failure to prosecute.
First of all the Van Allens could not have joined defendant Uccelini in his application under CPLR 3216 (subd [a]) since they had not completed the procedural steps required to sustain a motion to dismiss for neglect to prosecute. They had not moved to dismiss after they gave the 45-day notice. They could not suddenly inject themselves and become beneficiaries of their codefendants’ motion to dismiss. (See 7 Carmody-Wait, N.Y. Practice [2d ed], § 44:14 et seq.)
The issue that must be determined is whether the defendant Uccelini is by his motion to dismiss now insulated against a cross claim under Dole by his former codefendants. To this court it seems that the answer must be in the negative. First of all, the alleged failure by the defendants Van Allen to move has not resulted in prejudice to defendant Uccelini. Since there has been no de jure determination of the liability of either or all of the defendants, for the negligence alleged by the plaintiff, the mere technical dismissal as against defendant Uccelini has not resulted in prejudice to him because he was always open to a demand for indemnification and contribution.
As was held in Stein v Whitehead, decided November 20, 1972 by the Appellate Division, Second Department, and •reported at 40 AD2d 89, a defendant’s right to an adjudication that his codefendant is liable for a proportionate share of the total damages is no longer merely inchoate prior to the entry of a joint judgment against both defendants and payment by him. His right is fixed and exists at the time of the trial of the main action. Since there was no trial on the merits in this action, the mere technical dismissal does not bar the assertion of such a right by defendant Uccelini’s former codefendants.
Moreover, the 1974 amendment to CPLR 1401 makes clear what the approach to the Dole situation has become. This section permits a claim of contribution among two or more persons who may be subject to liability "whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought.” In *25 following out this logic, Dean McLaughlin points out in his commentary to amended CPLR 1401 in the 1974-75 supplement to McKinney’s Consolidated Laws of New York (Book 7B, p 178), that since the final clause of CPLR 1401 expressly permits contribution from a person against whom no judgment has been rendered it is possible to get contribution from a defendant who would not even be liable to the plaintiff. As Dean McLaughlin aptly concludes (p 179), "Thus, if A has a cause of action against B and C, but the statute of limitation has run on the claim against B, and if A sues C, C should be able to obtain contribution from B under the statute.”
Based on the above reasoning, the application made here by the defendant Uccelini seems to have no substance.
Finally, the ground upon which this motion for dismissal, is made, namely, that plaintiff is collaterally estopped (CPLR 3211, subd. [a], par. 5) has no basis. For a collateral estoppel to operate the material facts or questions in issue must have been judicially determined and conclusively settled by a judgment rendered in that action. Here there has been no such final disposition as would operate as a collateral estoppel against the defendants Van Allen. (See 9 Carmody-Wait, New York Practice [2d ed], § 63:204 et seq.)
Accordingly, the motion to dismiss the third-party complaint is denied. Third-party defendant shall have 20 days after service of a copy of this order in which to serve and file his answer.