# (March 29, 1984)

■ GRANGER UNIVERSITY AVENUE CORP. et al., Appellants, v FIRST STATE INSURANCE COMPANY, Appellant, and CITY OF NEW YORK et al., Respondents. FIRST STATE INSURANCE COMPANY, Third-Party Plaintiff-Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Third-Party Defendants-Respondents. — Order of the Supreme Court, New York County (Amann, J.), entered April 20, 1983, granting the motion of defendants City of New York and the board of education for summary judgment in their favor dismissing the complaint, is reversed, on the law, and the motion for summary judgment is denied, without costs. Appeal from the decision of the Supreme Court, New York County (Amann, J.), dated April 18, 1983 and entered April 20, 1983, is dismissed as nonappealable, without costs. ¶ Plaintiffs are the owners of the subject premises in The Bronx, which was leased to the defendants city and board of education in October of 1969 pursuant to a board of estimate resolution adopted in August, 1969. The lease was for a term of 10 years for use as an annex to a school, commencing on August 1, 1970 until July 31, 1980. It was drafted by the defendants-respondents. ¶ The lease provided a covenant in typed form: "(2). That at the expiration of the term herein granted or any extension thereof, the TENANT shall and will quit and surrender said premises in as good state and condition as reasonable use and wear thereof will permit, damage by the elements excepted". Likewise in typed form, the lease provided a covenant that "(8) Tenant shall save the Landlord harmless against all claims for injuries sustained by its employees and invitees connected with its use and occupancy of the premises; Tenant obligation in this respect shall apply to any acts of vandalism on the part of such person causing physical damage to the structure and Tenant shall repair all such damage at its own cost and expense." It also contained a tenant's covenant in typed form to "Furnish custodial services". ¶ Plaintiff brought the instant action for damages for alleged waste and destruction of the demised premises upon the basis of both a breach of the lease agreements by defendants tenants and for negligence. The allegations in the complaint and in the motion papers at Special Term were that defendants had decided not to use the premises for the intended purposes and had left them vacant since July, 1977 although continuing to pay the rent until the termination date of the lease in July, 1980. Further, it was alleged that during this period until the lease terminated (and on one occasion afterward) there were some eight separate acts of vandalism by unknown third parties, yet defendant did nothing to prevent these acts except to secure the door locks and windows where previous entry had been made. Further, it was alleged defendants tenants did not fulfill their duty to make repairs to the premises or return it in the condition it was leased except for wear and tear, as they had covenanted to do. ¶ Defendants city and board of education moved for summary judgment dismissing both the main complaint and the third-party complaint (brought by plaintiff's property insurer, First State Insurance Company, as subrogee), upon grounds that documentary

evidence, to wit, the lease covenants, and specifically paragraph (8) *supra,* limited defendants' liability solely to losses occasioned by acts of vandalism committed by its employees and invitees and did not extend any obligation to make repairs as a result of damages from the acts of vandalism caused by third parties. Defendants also asserted that the lease covenant to supply custodial services does not extend to mean 24-hour security service and further urged that the covenant to return the premises in the same condition was modified to exempt from that obligation the duty to repair damage caused by the vandalism of persons other than employees and invitees pursuant to paragraph (8). ¶ Special Term, without rendering an opinion addressing the issues, or stating the basis of its determination, granted defendants' motion for summary judgment and dismissed both the plaintiff's and third-party plaintiff's complaint. This was erroneous. ¶ Paragraph (8) of the lease is unambiguous and limits defendants' liability to make repairs, pursuant to this "save harmless" clause, only when vandalism by its employees and/or invitees causes damages to the premises. Thus, this covenant specifically provides that the tenant "shall save the Landlord harmless against all claims for injuries sustained by its employees and invitees * * * Tenant obligation * * * shall apply to any acts of vandalism *on the part of such person"* (emphasis added). Clearly, the phrase "on the part of such person" refers to the employees and invitees mentioned in the prior sentence and limits the application of the duty to repair damage due to vandalism solely to that vandalism caused by members of the class previously identified. ¶ However, our interpretation of paragraph (8) does not lead to the conclusion that in all circumstances where the vandalism was caused by third parties that the defendants are thereby freed of liability. ¶ It is a well-settled principle that a tenant in possession has a duty to the landlord to exercise ordinary care to keep the premises in good order and return them at the end of the lease term in the same condition except for ordinary wear and tear (see 34 NY Jur, Landlord and Tenant, § 477, p 358). As noted, this common-law rule was made a covenant in the subject lease. A corollary to this principle is that a tenant has a duty to exercise such ordinary care in its possession even against the acts of third parties. Thus, the failure to exercise such ordinary care to prevent acts of vandalism of third parties would constitute negligence and a tenant may be held liable for property damage resulting therefrom. A tenant is obligated to repair damage which is caused not by ordinary wear and tear, but by his willful conduct or negligence and which amounts to waste (*Suydam v Jackson,* 54 NY 450). ¶ The arguments raised by defendants upon this appeal, that they could not be held liable in negligence for the acts of vandalism which occurred here, since the numerous break-ins resulted from the use of extraordinary force and that any security furnished would require extraordinary expenditures, rest upon factual data dehors the record that may not be considered by this court. In any event, defendants' submission of this factual data herein only buttresses the conclusion that whether defendants exercised the standard of care of a reasonable person in these circumstances is an issue of fact which cannot be resolved upon a motion for summary judgment (see *Esteve v Abad,* 271 App Div 725). Further, defendants contend that plaintiff visited the premises in January, 1980, discovered the damage caused by previous break-ins and yet did nothing. This, however, also presents yet another issue of fact as to plaintiff's possible contributory negligence which cannot be summarily resolved herein. Concur — Murphy, P. J., Sandler, Asch, Kassal and Alexander, JJ.