■ ALBERT SCACCIA, SR., Plaintiff, v WILHELM WALLIN et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants. LIEBERMAN'S SERVICE CENTERS, INC., Third-Party Defendant-Appellant.—In an action to recover damages for personal injuries, the third-party defendant appeals from an order of the Supreme Court, Dutchess County (Slifkin, J.), dated November 16, 1984, which denied its motion to dismiss the third-party complaint seeking contribution.

Order affirmed, with costs.

The appellant, the operator of a service station, allegedly installed a rebuilt carburetor in the plaintiff's car. On that same day, it is alleged that the plaintiff's vehicle stalled on a roadway and was struck by a car owned by the defendant Wilhelm Wallin and operated by the defendant Robert R.

Dichiara, causing the plaintiff to suffer personal injuries. The plaintiff commenced an action against the driver and owner of the other car, the appellant and its supplier.

The plaintiff's action against the appellant was eventually dismissed as time barred. Thereafter, the owner and driver of the offending car commenced a third-party action against the appellant seeking contribution. The appellant moved before Special Term to dismiss the third-party action on the ground that the plaintiff's action against it was dismissed, it was not "subject to liability" to the plaintiff and, therefore, was not liable to contribution to other tort-feasors under CPLR 1401. Special Term denied the appellant's motion and this appeal ensued.

CPLR 1401 provides, in relevant part, that "two or more persons who are subject to liability for damages for the same personal injury * * * may claim contribution among them". The question presented is whether the appellant, who is not subject to a suit by the plaintiff due to the running of the Statute of Limitations, can be liable to the remaining defendant for contribution. We answer this in the affirmative.

The statute is sufficiently ambiguous to permit a resort to the legislative history to divine the Legislature's intent in enacting CPLR 1401 (McKinney's Cons Laws of NY, Book 1, Statutes § 92 [b]). CPLR article 14 was adopted by the Legislature upon the recommendation of the Judicial Conference to the Legislature on the Civil Practice Law and Rules. In its Twelfth Annual Report, the conference discussed the application of CPLR 1401, as follows:

"[T]here may be situations in which one party may not be liable to the injured person but should nonetheless be responsible for contribution. For instance, where, at the time he is sued for contribution, the alleged wrongdoer is not subject to suit directly by the injured party because the statute of limitations has run on that claim, it may nonetheless be proper to subject him to a claim for contribution under this Article if all other requirements of this Article are met. *Zillman v. Meadowbrook Hospital Co., Inc.,* 73 Misc2d 726 (Sup.Ct. Nassau Co. 1973) (defense of lack of notice under N.Y.Gen.Mun.Law § 50 [3]); *Keleket X-Ray Corp. v. United States,* 275 F.2d 167, 107 U.S.App.D.C. 138 (D.C.Cir. 1960); *W. Prosser, Law of Torts* 309 (4th ed. 1971).

*"The proposed statutory language is broad enough to permit contribution in such cases because the person against whom contribution is sought was 'subject to liability' even though he*

*could not be held liable to the injured person directly at the time he was sued for contribution if he chose to assert the defense of the statute of limitations"* (emphasis supplied) (1974 McKinney's Session Laws of NY, at 1809).

Commentators have also interpreted the statute as permitting such a third-party action *(see,* McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C1401:4, p 363; 23 NY Jur 2d, Contribution, § 105).

The courts that have addressed this issue have permitted the defendants to sue other tort-feasors who are not directly liable to the plaintiff due to procedural reasons such as a prior dismissal for failure to prosecute *(Fleischer v Uccelini,* 81 Misc 2d 22), or failure to obey a final order of preclusion *(Londino v Health Ins. Plan,* 93 Misc 2d 18), or a failure to timely file a notice of claim *(Zillman v Meadowbrook Hosp. Co.,* 73 Misc 2d 726, *revd on other grounds* 45 AD2d 267).

Further, the respondents are not foreclosed from bringing the third-party action for contribution due to the expiration of the Statute of Limitations for the underlying tort. "New York is in accord with the general rule that such a claim [for contribution] does not accrue at the time of the commission of the tort, but rather at the time of payment of the underlying claim" *(Blum v Good Humor Corp.,* 57 AD2d 911). Lazer, J. P., Bracken, Kooper and Spatt, JJ., concur.