■ C&J Cleaners et al., Appellants, v GACO Fashioned Furniture, Inc., et al., Respondents. [927 NYS2d 663]—

In an action, inter alia, to recover damages for injury to real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered April 13, 2010, as granted those branches of the defendants' motion which were for summary judgment dismissing the first and fourth causes of action in the complaint insofar as asserted against the defendant John Acerra, and the second and fifth causes of action in the complaint in their entirety.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that they were not the owners of the underground oil tank located on the plaintiffs' property. In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). The defendant GACO Fashioned Furniture, Inc. (hereinafter GACO), a corporate tenant of the building located on the premises adjacent to the plaintiffs' property, and the defendant John Acerra, GACO's president and sole shareholder, established that, as tenants, they had no ownership interest in the underground tank and they did not assume any responsibility for its maintenance and repair. In opposition, the evidence submitted by the plaintiffs failed to address the defendants' status as tenants, and not owners, of the adjacent property and failed to raise a triable issue of fact as to whether the tenants had any responsibility for the maintenance and repair of the underground oil tank located on the plaintiffs' property. Accordingly, the Supreme Court properly awarded summary judgment dismissing the first and fourth causes of action insofar as asserted against Acerra, and the second cause of action, which were predicated on the defendants' alleged ownership of and responsibility for the underground oil tank.

The Supreme Court also properly granted that branch of the motion which was for summary judgment dismissing the fifth cause of action, which sought to hold the defendants strictly liable for the damages to the property under the Navigation Law. The defendants established, as a matter of law, that they did not discharge oil onto the plaintiffs' property and that, as tenants of the adjacent building, they did not have the capacity to

take action to prevent the oil spill or to clean up the resulting contamination (*see State of New York v Speonk Fuel, Inc.*, 3 NY3d 720, 724 [2004]; *State of New York v Green*, 96 NY2d 403, 406-407 [2001]; *Kramer v Oil Servs., Inc.*, 56 AD3d 730, 731 [2008]). Therefore, the defendants were not "dischargers" and were not strictly liable to the plaintiffs pursuant to Navigation Law § 181. In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the defendants were dischargers as defined in the Navigation Law (*see* Navigation Law § 172 [8]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d at 562). Mastro, J.P., Belen, Sgroi and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 30920(U).]**